UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEMETRIUS BUROFF,<br>individually and on behalf of all others<br>similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CASE NO. |
| DAVID GLADIEUX,<br>in his official capacity, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Demetrius Buroff, individually and on behalf of all others similarly situated, alleges as follows against Defendant, David Gladieux:

### I. NATURE OF ACTION

1. Defendant systematically disenfranchised hundreds of eligible voters held in the Allen County Jail during the 2016 general election by refusing to provide them absentee ballots or alternative access to the polls.[1]

2. Defendant's acts violated the fundamental rights of these individuals under the Fourteenth Amendment to the United States Constitution.[2]

3. Plaintiff, and members of the class, bring this action for damages pursuant to 42 U.S.C. § 1983.

---

[1] *See O'Brien v. Skinner*, 414 U.S. 524, 530 (1974) (Individuals held in a county jail who are "not allowed to use the absentee ballot and are denied any alternative means of casting their vote although they are legally qualified to vote" are under "a restriction which is so severe as itself to constitute an unconstitutionally onerous burden." (citation and internal quotes omitted). *See also U.S. v. Olinger*, 759 F.2d 1293, 1304-05 (7th Cir. 1985).

[2] *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (The right to vote "is of the most fundamental significance under our constitutional structure.").

## II. PARTIES

4. Plaintiff is Demetrius Buroff. Plaintiff is a U.S. citizen, resident of Allen County, Indiana, and over eighteen years old. Plaintiff was held as a pretrial detainee on misdemeanor criminal charges in the Allen County Jail from on or about October 31, 2016 to on or about December 15, 2016.[3] Plaintiff was eligible to vote and not serving a felony criminal sentence while held in the Allen County Jail.

5. Defendant is Allen County Sheriff David Gladieux. Defendant Gladieux operates the Allen County Jail in Allen County, Indiana and is responsible for all policies, practices, customs, and procedures concerning inmates' access to absentee ballots, transportation to an appropriate voting center during times of election, or alternative means of accessing the polls. Defendant Gladieux has a non-delegable duty to ensure the fundamental voting rights of detainees and inmates in the jail are not systematically violated. Defendant Gladieux is named in his official capacity for all claims.

## III. CLASS ACTION ALLEGATIONS

6. Plaintiff as proposed representative of the putative class brings this action pursuant to Federal Civil Rule of Procedure 23(a) and (b)(3) on behalf of himself and all others similarly situated as a members of the following proposed class:

> All individuals held at the Allen County Jail on November 8, 2016 who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to register to vote while held in the Allen County Jail.

---

[3] *State of Indiana v. Demetrius Buroff*, Case No. 02D06-1610-CM-004222 (Allen Co., Ind. Super. Ct. filed Oct. 31, 2016).

7. The class is so numerous that individual joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). On November 8, 2016, hundreds of eligible voters in the Allen County Jail were denied all means to cast a ballot in the general election.

8. There are questions of law and fact common to the class. Fed. R. Civ. P. 23(a)(2). The questions of law and fact common to all class members include but are not limited to:

   a. Whether Defendant legally barred eligible voters held in the Allen County Jail all means of casting a ballot in the 2016 general election; and

   b. Whether Defendant caused eligible voters held in the Allen County Jail harm when he denied them all means of casting a ballot in the 2016 general election.

9. Plaintiff's claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3).

10. Plaintiff will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). There are no conflicts between Plaintiff and class members. Plaintiff and his counsel, Christopher C. Myers & Associates, will vigorously and competently prosecute the case on behalf of the class.

11. Questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The matters pertinent to these findings include: the class members' interest in collectively prosecuting this action; the desirability of concentrating the litigation of the claims in this forum; and the effectiveness of prosecuting these claims as a class action.

12. There is continuing and substantial public interest in these matters.[4]

---

[4] *See O'Brien*, 414 U.S. at 533 (Marshall, J., concurring) (Denial of "absentee ballots is effectively an absolute denial of the franchise to these appellants" where a defendant "is both physically preventing appellants from going

## IV. FACTS

**A. Plaintiff and Members of Class had the Right to Vote in the 2016 General Election**

13. Plaintiff and members of the putative class had the right to vote in the 2016 general election despite being held in the Allen County Jail.

14. Under the U.S. constitution and state law, and as applied by state law, an incarcerated individual otherwise eligible to vote is not deprived of the right to suffrage unless he is serving a sentence for a felony crime. *See* Ind. Const. Art. 2, Sec. 1-2, 8; Ind. Code §§ 3-7-13-4-6.

15. Approximately 600 to 700 individuals are incarcerated at the Allen County Jail at any given time. Of those, more than three-fourths are pretrial detainees not serving a sentence for a felony crime. Of the approximately one-fourth of individuals actually serving a criminal sentence, the majority of those are serving a sentence for a misdemeanor, not a felony crime.

16. The great majority of the hundreds of individuals incarcerated at the Allen County Jail on November 8, 2016, therefore, unless otherwise legally restricted, were eligible to vote in the 2016 general election.

**B. Events Leading to Disenfranchisement in the 2016 General Election**

17. Between October and November 2016, Defendant repeatedly and systematically through his policy, practice, procedure, or custom, or failure to supervise and train his employees, denied eligible individuals held in the Allen County Jail the opportunity to vote in the 2016 general election.

---

to the polls and denying them alternative means of casting their ballots.").

18. On October 12, 2016, in-person early voting began in Allen County.

19. Between October 12, 2016 and November 7, 2016, early voting center locations in Allen County included the lobby of the Allen County Election Board, located approximately one square block from the Allen County Jail.

20. Between October 12, 2016 and November 7, 2016, further, voters were also able to vote by absentee ballot through mail.

21. On October 20, 2016, voting for voters confined by disability or other impairment began. These voters were eligible to vote at their place of confinement.

22. On October 29, 2016, hours for in-person early voting at voting centers, including the lobby of the Allen County Election approximately one square block from the Allen County Jail, were expanded to seven hours per day.

23. On November 8, 2016, the 2016 general election was held.

24. However, inmates at the Allen County Jail during this period were not at any time permitted to vote by any of these methods.

**C. Plaintiff and Members of the Class Were Disenfranchised in the 2016 General Election**

25. Between October and November 2016, Defendant repeatedly and systematically through his policy or failure to supervise and train his employees denied eligible individuals held in the Allen County Jail the opportunity to vote in the 2016 general election.

26. Defendant did so by refusing to provide Plaintiff and class members transportation or accommodations for in-person voting or absentee ballot voting by which to cast their votes.

27. Plaintiff and class members could not themselves vote in-person because they were confined by Defendant in jail.

28. Plaintiff and class members could not petition the court to release them temporarily from

5

jail to vote or by their own initiative research how to obtain materials for voting by absentee ballot because Defendant provides the individuals he confines no access to a law library or legal research materials.[5]

29. Defendant's policy specifically and directly disenfranchised Plaintiff himself.

30. On or about October 31, 2016, Plaintiff was confined in the Allen County Jail as a pretrial detainee on the accusation of misdemeanor criminal charges. Plaintiff was indigent and unable to pay the bond to be released.

31. After entering the Allen County Jail, Plaintiff noticed a posted copy of Defendant's "Inmate Rights & Privileges Per Classification & Discipline: As Established in the Indiana Jail Standards Guidelines and the Allen County Jail Policy and Procedures."

32. These jail procedures posted by Defendant state: "<u>An inmate shall be entitled to vote by absentee ballot</u> upon meeting voter's registration requirements under the Law of the State of Indiana, as long as the inmate is not serving a sentence upon conviction of felony." (emphasis added). A copy of these procedures are attached and incorporated into this Complaint as Exhibit A.

33. Further, the Indiana Jail Standards referred to and incorporated in Defendant's jail procedures provide that the "<u>sheriff shall make arrangements with election officials to facilitate an inmate's right to vote by absentee ballot</u> provided that the inmate is otherwise qualified to vote." 210 Ind. Admin. Code 3-1-15(f) (emphasis added).

34. Accordingly, relying on Defendant's affirmative written procedures, Plaintiff and other class members requested absentee ballots from Defendant's jail officers in order to vote in

---

[5] *See Ward et al. v. Gladieux,* Case No. 1:16-cv-00043-PPS-SLC (N.D. Ind).

the 2016 general election.

35. However, the requests of Plaintiff and other class members were denied.

36. In fact, Defendant provided no absentee ballots whatsoever for any inmate's use in the 2016 general election and did not remedy his denial of suffrage to Plaintiff and class members by facilitating their ability to vote in-person at the voting center one block from the jail.

37. While still being detained, the majority of Plaintiff's housing block identified themselves class members aggrieved by Defendant's voter policy. A list of these more than thirty individuals and their signatures is attached and incorporated into this Complaint as Exhibit B.

38. As a result of Defendant's policies, acts, and omissions, Plaintiff and class members were disenfranchised and suffered serious harm.

## V. CLAIMS FOR RELIEF

<u>FUNDAMENTAL RIGHT TO VOTE</u>
FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

39. Under the Fourteenth Amendment to the U.S. Constitution, the "right to vote" may not be "denied" or "or in any way abridged."

40. The right to vote is fundamental.[6]

41. The right to vote may not be abridged without due process of law and may not be discriminatorily denied to a class of individuals, including eligible voters detained in a

---

[6] *See Purcell v. Gonzalez*, 549 U. S. 1, 3-4 (2006); *Cook v. Gralike*, 531 U.S. 510, 524 (2001); *Goosby v. Osser*, 409 U.S. 512, 519 (1973); *Storer v. Brown*, 415 U.S. 724, 730 (1972); *Evans v. Cornman*, 398 U.S. 419, 422 (1970); *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621, 627 (1969); *Smiley v. Holm*, 285 U.S. 355, 366 (1932); *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).

county jail.

42. However, Defendant's policies, acts, customs, procedures, omissions, and/or failure to train and supervise his employees so discriminatorily violated the fundamental rights of Plaintiff and class members.

43. Defendant abridged these individuals' fundamental rights without a compelling interest narrowly tailored to meet a governmental interest and absent the least restrict means of achieving any such objectives.[7]

44. Further, no valid, neutral, or rational connection existed between Defendant's ban and any legitimate governmental interest; no alternative means aside from those sought existed for the exercise of class members' rights; accommodating class members' fundamental rights would have had only a limited impact on prison management and resources; and the obvious alternative of allowing for absentee voting or brief and structured in-person voting would have been obvious alternatives to outright denying inmates their fundamental right to vote.

45. Administrative inconvenience is not justification for denial of the fundamental right to vote.[8]

46. Defendant's acts and omissions caused emotional distress, mental anguish, and other injury to Plaintiff and class members.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court:

A. Certify the class as defined;

---

[7] *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 670 (1966).
[8] *Taylor v. Louisiana*, 419 U.S. 522, 535 (1975).

8

    B.  Declare him prevailing party;

    C.  Award compensatory damages;[9]

    D.  Award legal costs, attorneys' fees, and expert witness fees pursuant to 52 U.S.C § 10310(e) and 42 U.S.C. § 1988; and

    E.  Grant all other just and proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiff, Mr. Demetrius Buroff

DF/

---

[9] *Carey v. Piphus*, 435 U.S. 247, 264 n.22 (1978) (U.S. Supreme Court decisions in voting rights actions "support the award of substantial damages simply upon a showing that a plaintiff was wrongfully deprived of the right to vote."); *see also Memphis Community School District v. Stachura*, 477 U.S. 299, 314-15 (1986) (Marshall, J., concurring).

5. An incident discipline reports, which may become a part of the inmate's records.
6. Transfer to the Indiana Department of Corrections for safekeeping.
7. Reassignment to a different credit time class under IC.35-60-6-4.
8. Deprivation of earned credit time under IC.35-50-6-5.

**INMATE RIGHTS & PRIVILEDGES PER CLASSIFICATION & DISCIPLNE: AS ESTABLISHED IN THE INDIANA JAIL STANDARDS GUIDELINES AND THE ALLEN COUNTY JAIL POLICY AND PROCEDURES**

1. The right to vote:
   a. An inmate shall be entitled to vote by absentee ballot upon meeting voter's registration requirements under the Law of the State of Indiana, as long as the inmate is not serving a sentence upon conviction of a felony.
2. The right to visitation:
   a. Bi-weekly visitation is offered, but not guaranteed.
   b. Visitors must be eighteen (18) years of age or older. Proper identification (State Issued) is required.
3. Telephone privileges:
   a. Phone time shall be allotted equally.
   b. Phone calls may be monitored and / or recorded.
4. The right to have an attorney.
   a. Attorneys may visit for case discussion in accordance with Jail Procedures.
5. The right to file a written grievance:
   a. Inmates having a grievance may submit it in writing, on an inmate request form to Classification, Discipline, Jail Operations Captain, Jail Commander, Appeals Officer and the Sheriff, in that order.
6. The right to appear in court, (for trail, etc.).
7. Work Release Program: Forms are available from Block Officers to request consideration for the Work Release Program.

**MAIL**

1. Outgoing mail will not be inspected, censored, delayed, withheld, or otherwise interfered with except upon suspicion, based upon an investigation by Jail Staff or through reliable information, that the Jail Security & Safety to other inmates or Jail Personnel may be endangered.
2. There is no limit to the number of letters an inmate may send from this facility at his / her own expense.
3. There will be no written correspondence between inmates within the Facility, and the Sheriff my restrict correspondence between inmates in this Facility and those in any other Penal Institution.
4. There is no restriction on the numbers of letters and inmate may receive.
5. Incoming mail is expected to have a return address. Mail will be sent back to the Post Office which contain no complete return address.



EXHIBIT A

6

**EXHIBIT B**

I Demetrius D. Buroff would like to file a Class Action Law suite under the law of the State of Indiana's Absentee Ballot Voters registration requirements

| | Signature | Year | Printed Name |
|---|---|---|---|
| X | [signature] | 83 | WILLIAM RAY |
| X | [signature] | 90 | JAMES J. DAVIS SR. |
| X | [signature] | 90 | Willie J Wilson |
| X | [signature] | 78 | Morgan Gowin |
| X | Antonio Doughty | 82 | Antonio Doughty |
| X | Matthew Wor | 3/94 | Matthew Wor |
| X | [signature] | 96 | Christian Smith |
| X | Christopher Harris | 95 | Christopher Harris |
| X | David Olvera | 94 | David Olvera |
| X | [signature] | 92 | Tyler Hy |
| X | [signature] | 1991 | Skyler Mattingly |
| X | [signature] | 88 | MARCUS PARSON |

| Signature | Printed Name |
|---|---|
| X _William_ | Matthew E Burd |
| X _Pease_ 73184 | Justin Pease |
| X _[illegible]_ -77 | _[illegible]_ Amos |
| X _Timothy Bennett_ 1990 | X _I Timothy Bennett_ |
| X _Derrick L. Thomas_ 74 | X _Derrick L. Thomas_ |
| ✱ _[illegible]_ | ✝ _[illegible]_ |
| X _Donald Davies_ 58 | X _Donald Davies_ |
| X _[illegible]_ 80 | X _Francisco Vazquez_ |
| X _Cedric L Edwards_ 7-86 | X _Cedric L Edwards_ |
| X KENAN DAVIS 1975 | Kenan Davis |
| X _Demetrius Burnoff_ 1991 | X _Demetrius Burnoff_ |
| X David Vandewielle /1989 | X David Van_[illegible]_ |

| # | Signature | Printed Name |
|---|---|---|
| 26 | *[signature]* | Antonio Doughty |
| 27 | | |
| 28 | *[signature]* | Benjamin Hilex |
| 29 | *[signature]* | Arthur Rogen |
| 30 | Levi Strawser | *[signature]* |
| 31 | Aaron Roemba | *[signature]* |
| 32 | *[signature]* | Marvin L Bennett |
| 33 | David Olvera | David Olvera |
| 34 | | |
| 35 | J. Topp | Trey Topp |
| 36 | | |
| 37 | | |
| 38 | | |
| 39 | | |