# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEMETRIUS BUROFF and<br>IAN BARNHART,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID GLADIEUX,<br>in his official capacity,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:17-cv-00124-JD-SLC |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Demetrius Buroff and Ian Barnhart, individually and on behalf of all others similarly situated, allege as follows against Defendant, David Gladieux:

## I. NATURE OF ACTION

1. Defendant systematically disenfranchised hundreds of eligible voters held in the Allen County Jail during the 2016 general election by refusing to provide them absentee ballots or alternative access to the polls.[1]

2. Defendant's acts violated the fundamental rights of these individuals under the Fourteenth Amendment to the United States Constitution.[2]

3. Plaintiffs, and members of the class, bring this action for damages pursuant to 42 U.S.C. § 1983.

---

[1] *See O'Brien v. Skinner*, 414 U.S. 524, 530 (1974) (Individuals held in a county jail who are "not allowed to use the absentee ballot and are denied any alternative means of casting their vote although they are legally qualified to vote" suffer "a restriction which is so severe as itself to constitute an unconstitutionally onerous burden." (citation and internal quotes omitted). *See also U.S. v. Olinger*, 759 F.2d 1293, 1304-05 (7th Cir. 1985).

[2] *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (The right to vote "is of the most fundamental significance under our constitutional structure.").

## II. PARTIES

4. Plaintiff is Demetrius Buroff. Plaintiff Buroff is a U.S. citizen, resident of Allen County, Indiana, and over eighteen years old. Plaintiff Buroff was held as a pretrial detainee on misdemeanor criminal charges in the Allen County Jail from on or about October 31, 2016 to on or about December 15, 2016.[3] Plaintiff Buroff was eligible to vote and not serving a felony criminal sentence while held in the Allen County Jail.

5. Plaintiff is Ian Barnhart. Plaintiff Barnhart is a U.S. citizen, resident of Allen County, Indiana, and over eighteen years old. Plaintiff Buroff was held as a pretrial detainee on felony criminal charges in the Allen County Jail from on or about November 4, 2016 to on or about November 26, 2016.[4] Plaintiff Barnhart was eligible to vote and not serving a felony criminal sentence while held in the Allen County Jail.

6. Defendant is Allen County Sheriff David Gladieux. Defendant Gladieux operates the Allen County Jail in Allen County, Indiana and is responsible for all policies, practices, customs, and procedures concerning inmates' access to absentee ballots, transportation to an appropriate voting center during times of election, or alternative means of accessing the polls. Defendant Gladieux has a non-delegable duty to ensure the fundamental voting rights of detainees and inmates in the jail are not systematically violated. Defendant Gladieux is named in his official capacity for all claims.

## III. CLASS ACTION ALLEGATIONS

7. Plaintiffs as proposed representatives of the putative class bring this action pursuant to

---

[3] *State of Indiana v. Demetrius Buroff*, Case No. 02D06-1610-CM-004222 (Allen Co., Ind. Super. Ct. filed Oct. 31, 2016).

[4] *State of Indiana v. Ian C. Barnhart*, Case No. Case No. 02C01-1609-F6-001065 (Allen Co., Ind. Cir. Ct. filed Sept. 22, 2016).

Federal Civil Rule of Procedure 23(a) and (b)(3) on behalf of themselves and all others similarly situated as a members of the following proposed class:

> All individuals held at the Allen County Jail on November 8, 2016 who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to register to vote while held in the Allen County Jail.

8. The class is so numerous that individual joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). On November 8, 2016, hundreds of eligible voters in the Allen County Jail were denied means to cast a ballot in the general election.

9. There are questions of law and fact common to the class. Fed. R. Civ. P. 23(a)(2). The questions of law and fact common to all class members include but are not limited to:

   a. Whether Defendant legally barred eligible voters held in the Allen County Jail available means of casting a ballot in the 2016 general election; and

   b. Whether Defendant caused eligible voters held in the Allen County Jail harm when he denied them available means of casting a ballot in the 2016 general election.

10. Plaintiffs' claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3).

11. Plaintiffs will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). There are no conflicts between Plaintiffs and class members. Plaintiffs and their counsel, Christopher C. Myers & Associates, will vigorously and competently prosecute the case on behalf of the class.

12. Questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The

matters pertinent to these findings include: the class members' interest in collectively prosecuting this action; the desirability of concentrating the litigation of the claims in this forum; and the effectiveness of prosecuting these claims as a class action.

13. There is continuing and substantial public interest in these matters.[5]

## IV. FACTS

### A. Plaintiffs and Class Members had the Right to Vote in the 2016 General Election

14. Plaintiffs and members of the putative class had the right to vote in the 2016 general election despite being detained in the Allen County Jail.

15. Under the U.S. constitution and state law, and as applied by state law, an incarcerated individual otherwise eligible to vote is not deprived of the right of suffrage unless she is serving a sentence for a felony crime. *See* Ind. Const. Art. 2, Sec. 1-2, 8; Ind. Code §§ 3-7-13-4-6.

16. Approximately 500 to 600 individuals are incarcerated at the Allen County Jail at any given time. Of those, more than three-fourths are pretrial detainees not serving a sentence for a felony crime. Of the approximately one-fourth of individuals actually serving a criminal sentence at the Allen County Jail, the majority of those are serving a sentence for a misdemeanor, not a felony crime.

17. The majority of the hundreds of individuals incarcerated at the Allen County Jail on November 8, 2016, therefore, unless otherwise legally restricted, were eligible to vote in the 2016 general election.

---

[5] *See O'Brien*, 414 U.S. at 533 (Marshall, J., concurring) (Denial of "absentee ballots is effectively an absolute denial of the franchise" where a defendant "is both physically preventing appellants from going to the polls and denying them alternative means of casting their ballots.").

## B. Events Leading to Disenfranchisement of
## Plaintiffs and Class Members in the 2016 General Election

18. Between October and November 2016, Defendant repeatedly and systematically through policy, practice, procedure, and custom, or failure to supervise and train his employees, denied eligible individuals held in the Allen County Jail the opportunity to vote in the 2016 general election.

19. On October 12, 2016, in-person early voting began in Allen County and lasted until November 7, 2016.

20. In-person early voting locations in Allen County included the lobby of the Allen County Election Board, located approximately one block from the Allen County Jail.

21. Between October 12, 2016 and November 7, 2016, voters in Allen County were also eligible to vote by absentee ballot.

22. On October 20, 2016, voting for individuals confined by disability or other impairment began. These voters were eligible to vote at their place of confinement.

23. On October 29, 2016, the operating hours for in-person early voting centers, including the lobby of the Allen County Election approximately one square block from the Allen County Jail, were expanded to seven hours per day.

24. On November 8, 2016, the 2016 general election was held.

25. However, inmates at the Allen County Jail during this period of time in October and November 2016 were not at any time permitted to vote by absentee ballot, in-person voting, or any other means.

**C. Plaintiff and Members of the Class Were Disenfranchised in the 2016 General Election**

26. Between October and November 2016, Defendant repeatedly and systematically denied individuals detained in the Allen County Jail the opportunity to vote in the 2016 general election.

27. Defendant did so by refusing to provide Plaintiffs and class members transportation or accommodations to vote in-person or by absentee ballot.

28. Plaintiffs and class members could not themselves vote in-person because they were involuntarily detained by Defendant in the Allen County Jail.

29. Plaintiffs and class members could not petition the court to release them temporarily from jail to vote or by their own initiative research how to obtain materials for voting by absentee ballot because Defendant provides the individuals he confines in the Allen County Jail no access to a law library or legal research materials.[6]

30. As the result of Defendant's policy and practices, Plaintiffs were disenfranchised.

31. On or about October 31, 2016, Plaintiff Buroff was confined in the Allen County Jail as a pretrial detainee on the accusation of misdemeanor criminal charges. Plaintiff Buroff was indigent and unable to pay the bond to be released.

32. After entering the Allen County Jail, Plaintiff Buroff noticed a posted copy of Defendant's "Inmate Rights & Privileges Per Classification & Discipline: As Established in the Indiana Jail Standards Guidelines and the Allen County Jail Policy and Procedures."

33. These jail procedures posted by Defendant state as follows: "<u>An inmate shall be entitled to vote by absentee ballot</u> upon meeting voter's registration requirements under the Law of

---

6 *See Ward et al. v. Gladieux,* Case No. 1:16-cv-00043-PPS-SLC (N.D. Ind.).

the State of Indiana, as long as the inmate is not serving a sentence upon conviction of felony." (emphasis added). A copy of these procedures are attached and incorporated into this Complaint as Exhibit A.

34. Further, the Indiana Jail Standards referred to and incorporated into Defendant's jail procedures provide that the Allen County Sheriff "<u>shall make arrangements with election officials to facilitate an inmate's right to vote by absentee ballot</u>". 210 Ind. Admin. Code 3-1-15(f) (emphasis added).

35. Accordingly, relying on Defendant's affirmative written procedures, Plaintiff Buroff and other class members requested absentee ballots from Defendant's jail officers in order to vote in the 2016 general election.

36. However, the requests of Plaintiff Buroff and other class members were denied.

37. In fact, Defendant provided no absentee ballots whatsoever for use in the 2016 general election and did not remedy his denial of suffrage to Plaintiffs and class members by facilitating their ability to vote in-person at any voting center, including the voting center one block from the jail.

38. While still being detained, the majority of Plaintiff Buroff's housing block identified themselves as class members aggrieved by Defendant's voter policy. A list of these more than thirty individuals and their signatures is attached and incorporated into this Complaint as Exhibit B.

39. On November 4, 2016, Plaintiff Barnhart was arrested and taken into custody at the Allen County Jail as a pretrial detainee[7] on two charges of operating a vehicle while intoxicated.

---

[7] "The Equal Protection Clause guarantees a pretrial detainee's right to vote." *Long v. Pierce*, Case No. 2:14-cv-00244-LJM-MJD at *12 (S.D. Ind. March 10, 2016)

40. Plaintiff Barnhart had not previously voted in the 2016 general election and would have voted in the 2016 general election if Defendant had made arrangements for him to do so.

41. As a result of Defendant's policies, acts, and omissions, Plaintiffs and class members were disenfranchised and prevented from voting in all federal, state, and local elections held on November 8, 2016.

42. As Defendant admits and acknowledges:

    a. "[N]o inmate was provided with an absentee ballot in the general election held on November 8, 2016."

    b. "Defendant did not provide any inmates or detainees held at the Allen County Jail on November 8, 2016 transportation to vote in the 2016 general election."

    c. "Defendant admits that he did not assist any inmate detained in the Allen County Jail with voter registration."

    d. "Defendant did not provide any inmates or detainees held at the Allen County Jail on November 8, 2016 an on-site jail polling station at the jail to vote in the 2016 general election." *See* Exhibit C (Defendant's Responses to Plaintiffs' First Set of Requests for Admissions) (emphasis added).

43. Defendant's actions and policies were applied to the approximately 540 pretrial detainees and inmates incarcerated in the Allen County Jail on November 8, 2016. *See* Exhibit D (Defendant's Allen County Jail Housing Occupancy Report for November 8, 2016).

44. The Allen County Election Board has confirmed that, aside from one request in 2012, it has had no contact or correspondence with Defendant concerning the voting of inmates at the Allen County Jail for the past five years. *See* Exhibit E (Allen County Election Board Nonparty Discovery Response).

# V. CLAIMS FOR RELIEF

<u>FUNDAMENTAL RIGHT TO VOTE</u>
FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

45. Under the Fourteenth Amendment to the U.S. Constitution, the right to vote may not be denied or abridged.

46. The right to vote is a fundamental right.[8]

47. The right to vote may not be abridged in violation of equal protection or without due process of law and may not be discriminatorily denied to a class of individuals, including eligible voters detained in a county jail.

48. However, Defendant's policies, acts, customs, procedures, omissions, and/or failure to train and supervise his employees discriminatorily violated the fundamental right to vote of Plaintiffs and class members.[9]

49. Defendant abridged these individuals' fundamental rights without a compelling interest narrowly tailored to meet a governmental interest and absent the least restrict means of achieving any such objectives.[10]

50. Further, no valid, neutral, or rational connection existed between Defendant's disenfranchisement of class members and any legitimate governmental interest; no alternative means aside from those sought existed for the exercise of class members' rights;

---

[8] *See Purcell v. Gonzalez*, 549 U. S. 1, 3-4 (2006); *Cook v. Gralike*, 531 U.S. 510, 524 (2001); *Goosby v. Osser*, 409 U.S. 512, 519 (1973); *Storer v. Brown*, 415 U.S. 724, 730 (1972); *Evans v. Cornman*, 398 U.S. 419, 422 (1970); *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621, 627 (1969); *Smiley v. Holm*, 285 U.S. 355, 366 (1932); *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).

[9] *U.S. v. Olinger*, 759 F.2d 1293, 1302-03 (7th Cir. 1985) ("Right of suffrage is a civil right of the highest order and a fundamental political right, because preservative of all rights. No right is more precious than the right of suffrage. It involves matters close to the core of our constitutional system for free and honest elections are the very foundation of our republican form of government. Truly, other rights, even the most basic are illusory if the right to vote is undermined." (citations and quotations omitted)).

[10] *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 670 (1966).

9

accommodating class members' fundamental rights would have had only a limited impact on prison management and resources; and the obvious alternative of allowing for absentee voting or brief and structured in-person voting would have been obvious alternatives to outright denying inmates their fundamental right to vote.

51. Administrative inconvenience is not justification for denial of the fundamental right to vote.[11]

52. Defendant's acts and omissions caused emotional distress, mental anguish, and other injury to Plaintiffs and class members.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court:

A. Certify the class as defined;[12]

B. Declare Plaintiffs the prevailing party;

C. Award compensatory damages;[13]

D. Award legal costs, attorneys' fees, and expert witness fees, 52 U.S.C § 10310(e); 42 U.S.C. § 1988; and

E. Grant all other just and proper relief.

## JURY DEMAND

Plaintiffs demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

---

[11] *Taylor v. Louisiana*, 419 U.S. 522, 535 (1975).

[12] *Tate v. Collins*, 496 F.Supp. 205, 211 (W.D. Tenn. 1980) ("It is therefore ordered that the cause before this Court be certified as a class action composed of those persons who will be incarcerated, pending trial or after conviction, on election day, who have not been convicted of an infamous crime . . . who are otherwise entitled to vote . .").

[13] *Carey v. Piphus*, 435 U.S. 247, 264 n.22 (1978) (U.S. Supreme Court decisions "support the award of substantial damages simply upon a showing that a plaintiff was wrongfully deprived of the right to vote."); *see also Memphis Community School District v. Stachura*, 477 U.S. 299, 314-15 (1986) (Marshall, J., concurring).

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiffs

DF/