**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DEMETRIUS BUROFF and IAN BARNHART, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 1:17-cv-00124-JD-SLC |
| DAVID GLADIEUX, in his official capacity, | ) | |
| Defendant. | ) | |

COPY

**REQUEST FOR PRODUCTION TO NONPARTY**

TO: Allen County Election Board
1 E. Main Street, Suite 172
Fort Wayne, IN 46802

Plaintiffs, by counsel, pursuant to Federal Rules of Civil Procedure 34(c) and 45, request the Allen County Election Board produce the following documentation for inspection and copying at the law office of CHRISTOPHER C. MYERS & ASSOCIATES, 809 South Calhoun Street, Fort Wayne, Indiana 46802, within fifteen (15) days of receipt of such request by Plaintiff's counsel.

You are hereby requested by Plaintiffs to produce the following information:

1. All written correspondence whether by letter, facsimile, or e-mail from September 1, 2016 to November 8, 2016 between the Allen County Election Board and any person at 417 S. Calhoun Street, Fort Wayne, IN 46802.
2. All written correspondence whether by letter, facsimile, or e-mail from September 1, 2016 to November 8, 2016 between the Allen County Election Board and any person



EXHIBIT
tabbies
E

at 715 S. Calhoun Street, Room 101, Fort Wayne, IN 46802-1805.

3. All records of receipt of any absentee ballot by the Allen County Election Board from 417 S. Calhoun Street, Fort Wayne, IN 46802 any time between October 12, 2016 and November 8, 2016.
4. All records of receipt of any in-person voting activity taking place at 417 S. Calhoun Street, Fort Wayne, IN 46802 any time between October 12, 2016 and November 8, 2016.
5. All communication whether by letter, facsimile, or e-mail between the Allen County Election Board and the Allen County Sheriff, including any of his employees, any time between 2012 and 2017 concerning voting in Allen County, Indiana.

You are further notified that you are entitled to security against damages or payment of damages resulting from this request, and you may respond to such request by submitting to its terms, by proposing different terms, or by objecting specifically or generally to the request by serving a written response to the undersigned within thirty (30) days, or by moving to quash as permitted by Rule 45(c) of the Federal Rules of Civil Procedure.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

David W. Frank, #31615-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby swears and affirms that a true and correct copy of the above was deposited in the United States Mail, postage prepaid, on this 20 day of June, 2017 addressed to:

Spencer Feighner
Haller & Colvin, P.C.
444 East Main Street
Fort Wayne, IN 46802

David W. Frank

DF/

**Issued by the**
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

DEMETRIUS BUROFF and
IAN BARNHART, individually and on
behalf of all others similarly situated,
Plaintiffs,

v.

DAVID GLADIEUX

Defendant.

## SUBPOENA DUCES TECUM IN A CIVIL CASE

CASE NUMBER: 1:17-cv-00124-JD-SLC

COPY

TO: Allen County Election Board
1 E. Main Street, Suite 172
Fort Wayne, IN 46802

c/o ATTORNEY

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM<br>DATE AND TIME |
| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE AND TIME |
| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See enclosed request | |
| PLACE:<br>Via mail, facsimile, or e-mail to Christopher C. Myers & Associates, 809 S. Calhoun Street, Suite 400, Fort Wayne, IN 46802 | DATE AND TIME<br>Within thirty (30) days of receipt of this subpoena |
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>6/20/17 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David W. Frank, Esq.
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400, Fort Wayne, Indiana 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | |
|---|---|
| DATE<br>6/20/17 | PLACE Allen County Election Board<br>1 E Main Street, Suite 172<br>Fort Wayne, IN 46802 |
| SERVED ON (PRINT NAME)<br>Allen County Election Board | MANNER OF SERVICE<br>US Mail, Certified w/Return Receipt |
| SERVED BY (PRINT NAME)<br>David Frank | TITLE<br>Counsel for Plaintiff |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6/20/17
DATE

[signature]
SIGNATURE OF SERVER

Christopher C. Myers & Associates
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying or any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

BEERS MALLERS
BACKS & SALIN, LLP
ATTORNEYS AT LAW

Laura L. Maser
E-Mail: llmaser@beersmallers.com

July 19, 2017

David W. Frank
Christopher C. Myers & Associates
809 South Calhoun Street, Suite 400
Fort Wayne, Indiana 46802-2307

**Re: Request for Production to Non-Party, Allen County Election Board**
**Buroff, et al. v. David Gladieux**
**United States District Court for the Northern District of Indiana**
**Cause No. 1:17-CV-00124-JD-SLC**
**Our File No. 00015-16001**

Dear David:

Please accept this as the Allen County Election Board's response to your *Request for Production to Nonparty* issued to the Election Board. After conducting a search for the records requested, the Election Board located no documents responsive to Requests 1 through 4. You may recall that, with regard to Request 5, you and I spoke on June 26, 2017, and you agreed that the said Request should be limited to communications in the stated time frame concerning only *inmate* voting in Allen County, Indiana. The Election Board, after conducting a search for said records, as limited, located the enclosed "Affidavit of Request for Transfer of Voter Registration." No other documents were located responsive to the Requests made pursuant to the *Request for Production to Nonparty*."

If you have questions regarding this Response, please do not hesitate to contact me.

Very truly yours,

BEERS MALLERS BACKS & SALIN, LLP

Laura L. Maser
Laura L. Maser

JUL 20 2017

LLM/3216800