UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEMETRIUS BUROFF and | ) | |
| IAN BARNHART, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-CV-124-TLS |
| | ) | |
| DAVID GLADIEUX, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs Demetrius Buroff's and Ian Barnhart's First Amended Motion for Class Certification [ECF No. 19]. Defendant David Gladieux, in his official capacity as Allen County Sheriff, filed his Response to the Plaintiffs' First Amended Motion for Class Certification [ECF No. 29]. The Plaintiffs timely filed their Reply [ECF No. 31]. This matter is thus fully briefed and ripe for review.

**BACKGROUND**

This background is provided through the pleadings, class certification motions, and attached exhibits. The Plaintiffs allege that the Defendant systematically disenfranchised hundreds of eligible voters who were being confined in the Allen County Jail during the 2016 General Election. (Amended Compl. ¶ 1.) Both are United States citizens, over eighteen years old, and residents of Allen County, Indiana (*Id.* ¶¶ 4, 5.) Plaintiff Buroff was held in the Allen County Jail as a pretrial detainee on misdemeanor criminal charges from on or about October 31,

2016, to on or about December 15, 2016. (*Id.* ¶ 4.) Plaintiff Barnhart was held in the Allen County Jail as a pretrial detainee on felony criminal charges from on or about November 4, 2016, to on or about November 26, 2016. (*Id.* ¶ 5.) Defendant at all relevant times served as Allen County Sheriff and operated the Allen County Jail (*Id.* ¶ 6.)

The Plaintiffs allege that on November 8, 2016, they were eligible to vote in the 2016 General Election but that the Defendant prevented them from doing so from the Allen County Jail. (*Id.* ¶¶ 14, 18, 24, 25.) Additionally, the Plaintiffs were denied access to in-person early voting, absentee ballots, or any other means of voting. (*Id.* ¶¶ 19–21, 25.) The Plaintiffs were not the only individuals held in Allen County Jail during this time, and they initiated this lawsuit pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of themselves and all other similarly situated as members of the following proposed class:

> All individuals held at the Allen County Jail on November 8, 2016, who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to vote while held in the Allen County Jail.

(*Id.* ¶ 7.) The Plaintiffs seek monetary damages on behalf of themselves and the class.

The Defendant challenged class certification and asserted that (1) neither of the named Plaintiffs has standing to bring a claim individually or on behalf of the class, and (2) neither of the named Plaintiffs can satisfy the requirements of Rule 23. The Defendant produced Allen County Board of Voter Registration data which shows that Plaintiff Buroff first registered to vote in Allen County on April 4, 2017. (Def.'s Resp. to Class Certification Ex. 1.) The same data shows that Plaintiff Barnhart was registered to vote in Allen County beginning on June 11, 2012. (*Id.* Ex. 2.) The Defendant also provided a true and accurate copy of the 2016 Indiana Election Calendar that contains relevant dates pertaining to voting and election deadlines, including the

2

deadline for voter registration (October 11, 2016) and the deadline to request an absentee ballot (October 31, 2016). (*Id.* Ex. 3.)

# LEGAL STANDARD

**A.     Article III Standing**

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2. This jurisdiction extends to justiciable "Cases" and "Controversies" where a plaintiff has established standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560–61). The plaintiff bears the burden to establish standing. *Id.* Additionally, a named plaintiff must establish standing to seek personal and class wide relief. *O'Shea v. Littleton*, 414 U.S. 488, 493–94 (1974).

**B.     Federal Rule of Civil Procedure 23**

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Instead, plaintiffs bear the burden to show that a proposed class satisfies Rule 23. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 14-C-5602, 2017 WL 4339788, at *2 (N.D. Ill. Sep. 29, 2017) (citing *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 811 (7th Cir. 2012)). A plaintiff satisfies Rule 23 when he meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). First, the plaintiff must show:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). If a plaintiff meets these four prerequisites, the plaintiff then must also satisfy one of the subsections of Rule 23(b). Here, the Plaintiffs aim to satisfy Rule 23(b)(3), which is satisfied if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009).

In deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Dukes*, 564 U.S. at 350; *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require some overlap with the merits of the Plaintiff's underlying claim. *Dukes*, 564 U.S. at 351.

## ANALYSIS

**A.      Article III Standing**

The Defendant first argues that the named Plaintiffs do not have standing to bring their claims, and therefore cannot request individual or class wide relief. For the reasons that follow, the Court finds that Plaintiff Buroff lacks standing, whereas Plaintiff Barnhart has properly invoked federal jurisdiction.

**1.      *Plaintiff Buroff***

The Defendants persuasively argue that Plaintiff Buroff lacks standing to bring this action. Plaintiff Buroff must demonstrate that (1) he has suffered an injury in fact, (2) that is fairly traceable to Defendant's challenged conduct, and (3) a favorable judicial decision will likely redress the injury in fact. *Lujan*, 504 U.S. at 560–61. Here, Plaintiff Buroff has failed to allege an injury in fact. He was arrested on October 31, 2016, while the deadline to register to vote in the 2016 General Election was October 11, 2016. He had not registered to vote by the October 11, 2016, deadline. Thus, he would not have been permitted to vote in the 2016 General Election. (Def.'s Resp. to Class Certification Ex. A, ¶ 7.) Therefore, he did not suffer a cognizable Article III injury when he was not permitted to vote on November 8, 2016.

Plaintiff Buroff insists first that the voter registration data provided by the Defendant is not accurate, but he does not come forward with any additional evidence to show this is the case. The party who seeks to invoke federal jurisdiction has the burden to demonstrate standing. *Lujan*, 504 U.S. at 560–61. Plaintiff Buroff has not overcome the Defendant's evidence. He

therefore lacks standing to seek both individual or class wide relief because he did not suffer a cognizable injury in fact.

## 2. *Plaintiff Barnhart*

The Defendant also asserts that Plaintiff Barnhart lacks standing to bring claims on behalf of himself and the class. The Court disagrees. Put concisely, Plaintiff Barnhart alleged that he fulfilled all the requirements to vote in the 2016 General Election in Allen County. He further alleges that he could not vote in Allen County on November 8, 2016, because the Defendant did not have proper procedures in place to let him do so from the Allen County Jail. The Defendant insists that Plaintiff Barnhart lacks standing because he failed to ask for an absentee ballot prior to the October 31, 2016, deadline, and was not incarcerated in the Allen County Jail until after October 31, 2016. Therefore, under the Defendant's reasoning, the Allen County Jail never impermissibly interfered with Plaintiff Barnhart's request for an absentee ballot.

The Defendant did not interfere with Plaintiff Barnhart's request for an absentee ballot under Indiana state law. But Plaintiff Barnhart was otherwise qualified to vote in the 2016 General Election under Indiana state law and could not do so solely because he was a pretrial detainee in the Allen County Jail. The Supreme Court has recognized that individuals held in county jail that are otherwise eligible to register or vote must be given some means to do so. *See O'Brien v. Skinner*, 414 U.S. 524, 530 (1974). The Defendant did not provide any means for Plaintiff Barnhart to exercise his right to vote.

Like Plaintiff Buroff, Plaintiff Barnhart must demonstrate that (1) he has suffered an injury in fact, (2) that is fairly traceable to Defendant's challenged conduct, and (3) a favorable judicial decision will likely redress the injury in fact. *Lujan*, 504 U.S. at 560–61. Plaintiff

Barnhart has alleged that he was otherwise eligible to vote in the 2016 General Election and that the Defendant prevented him from doing so through inadequate policies, practices, or procedures in the Allen County Jail. He further claims that money damages will make him whole. He has met his burden and properly invoked federal jurisdiction.

B.  **Class Certification Under Fed. R. Civ. P. 23**

The remaining named Plaintiff, Barnhart, has standing to seek individual and class wide relief. The Plaintiff seeks to certify a class of individuals defined as:

> All individuals held at the Allen County Jail on November 8, 2016, who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to vote while held in the Allen County Jail.

(Pl.'s First Amended Mot. for Class Certification at 3.) To certify the class, the Plaintiff must first satisfy the four familiar Rule 23(a) requirements: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 24(a)(1)–(4). The Defendant asserts that the Plaintiff cannot meet two Rule 23(a) requirements for class certification, namely adequacy and typicality. The Defendant largely repeats his standing argument when attacking adequacy and typicality. However, the Plaintiff's class certification fails for a different reason: numerosity.

Rule 23(a)(1) requires a class to be "so numerous that joinder of all members is impracticable." As with the other Rule 23 requirements, a plaintiff has the burden of proving that the class is so numerous that joinder is impracticable. *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976). While an exact number is not required, a class with more than forty members will generally satisfy the numerosity requirement. *Pruitt v. City of Chi.*, 472 F.3d 925, 926–27

(7th Cir. 2006). Further, a conclusory allegation that a class is so numerous to make joinder impractical does not satisfy Rule 23(a)(3). *Valentino*, 528 F.2d at 978.

Here, the Plaintiff has identified dozens of individuals who claim to have been harmed by the Defendant's actions. (*See* Pl's Second Amended Compl. Ex. B.) However, the Plaintiff has provided no evidence that these individuals or any of the other individuals in Allen County Jail on November 8, 2016, were either registered to vote or requested an absentee ballot while in Allen County Jail. The Plaintiff asserts that at any given time there are 500 to 600 individuals incarcerated in the Allen County Jail, and that on November 8, 2016, a majority of the incarcerated population at Allen County Jail was eligible to vote in the 2016 General Election (*Id.* ¶¶ 16–17.)

The Plaintiff, however, has provided no other support for this contention. Each of these individuals could have been registered to vote on November 8, 2016, or could have tried to register for the 2016 General Election. Or they may not have. The Plaintiff has provided a potential upper bound for the class size, but has not produced enough to show how big or small the class may actually be. Without that information, the Court does not know whether joinder is impracticable.

The Plaintiff, though, received a list of "each individual held, detained, incarcerated, and/or confined at any time in the Allen County Jail on November 8, 2016 who was not serving a sentence for a felony crime." (*Id.* Ex. D.) Further, the Allen County Board of Voter Registration maintains a publicly available database of individuals registered to vote in Allen County. (Def.'s Resp. to Pl.'s First Amended Motion for Class Certification ¶¶ 2, 3.) The Plaintiff likely has the tools available to determine whether the class is so numerous to make joinder of all claims

impracticable. At the moment, though, the Plaintiff has not carried his burden under Rule 23(a)(1).

## **CONCLUSION**

Accordingly, the Court DENIES, WITH LEAVE TO REFILE, the Plaintiff's First Amended Motion for Class Certification [ECF No. 19] and DISMISSES Plaintiff Demetrius Buroff.

SO ORDERED on November 13, 2017.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT