UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DEMETRIUS BUROFF and )
IAN BARNHART, )
individually and on behalf of all others )
similarly situated, )
)
    Plaintiffs, )
)
v. ) CASE NO.: 1:17-CV-124-TLS
)
DAVID GLADIEUX, )
in his official capacity, )
)
    Defendant. )

# OPINION AND ORDER

This matter comes before the Court on Plaintiff Ian Barnhart's Second Motion to Certify Class [ECF No. 36], filed on March 7, 2018. Defendant David Gladieux, in his official capacity as Allen County Sheriff, filed his Response to the Plaintiff's Motion [ECF No. 38] on March 21, 2018, and the Plaintiff filed his Reply [ECF No. 39] on March 28, 2018. This matter is now fully briefed and ripe for review.

# BACKGROUND

The Plaintiff filed this action individually and behalf of all others similarly situated, alleging that the Defendant systematically disenfranchised hundreds of eligible voters who were being confined in the Allen County Jail during the 2016 general election. (Amend. Compl. ¶ 1, ECF No. 18.) The Plaintiff is a United States citizen, over eighteen years of age, and a resident of Allen County, Indiana (*Id.* ¶ 5.) The Plaintiff was held in the Allen County Jail as a pretrial detainee on misdemeanor criminal charges from on or about October 31, 2016, to on or about

December 15, 2016. (*Id.* ¶ 4.) The Defendant at all relevant times served as the Allen County Sheriff and operated the Allen County Jail (*Id.* ¶ 6.)

The Plaintiff alleges that on November 8, 2016, he was eligible to vote in the 2016 General Election, but the Defendant prevented him from doing so from the Allen County Jail. (*Id.* ¶¶ 14, 18, 24, 25.) Additionally, the Plaintiff was denied access to in-person early voting, absentee ballots, or any other means of voting. (*Id.* ¶¶ 19–21, 25.) The Plaintiff initiated this lawsuit pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of himself and all other similarly situated as members of the following proposed class:

> All individuals held at the Allen County Jail on November 8, 2016, who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to vote while held in the Allen County Jail.

(*Id.* ¶ 7.) The Plaintiff seeks monetary damages on behalf of himself and the class.

On June 6, 2017, the Plaintiff, along with another previously named Plaintiff, Demetrius Buroff, moved for class certification [ECF No. 19]. The Defendant challenged the Plaintiffs' Motion and asserted that (1) neither of the named Plaintiffs had standing to bring a claim individually or on behalf of the class, and (2) neither of the named Plaintiffs could satisfy the typicality and adequate representation requirements of Rule 23. On November 13, 2017, the Court denied [ECF No. 32] the Plaintiffs' Motion, with leave to refile, finding that the Plaintiffs had failed to satisfy the numerosity requirement. The Court noted the availability of information regarding which individuals were held at the Allen County Jail on November 8, 2016, and whether they were registered to vote and instructed that the Plaintiffs could potentially show the requisite numerosity after review of such information and subsequent presentation of it to the

Court. The Court also dismissed Buroff as a party because he had not been registered to vote at the relevant time, and therefore lacked standing.

## LEGAL STANDARD

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Instead, plaintiffs bear the burden to show that a proposed class satisfies Rule 23. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 14-C-5602, 2017 WL 4339788, at *2 (N.D. Ill. Sep. 29, 2017) (citing *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 811 (7th Cir. 2012)). A plaintiff satisfies Rule 23 when he meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). First, the plaintiff must show:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). Additionally, the Seventh Circuit has held that a class must be sufficiently defined so that the class is identifiable. *All. to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977); *see also Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) ("It is axiomatic that for a class action to be certified, a 'class' must exist."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). If

a plaintiff meets these four prerequisites, the plaintiff then must also satisfy one of the subsections of Rule 23(b). Here, the Plaintiff aims to satisfy Rule 23(b)(3), which is satisfied if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009).

A plaintiff who fulfills both conditions of Rule 23 is entitled to class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."). However, as stated previously, Rule 23 "does not set forth a mere pleading standard"; rather, a plaintiff "must affirmatively demonstrate his compliance with the Rule [and] be prepared to prove" its requirements. *Wal-Mart Stores*, 564 U.S. at 350. Importantly, "the party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584 (7th Cir. 1993) (citing *Trotter v. Klincar*, 748 F.3d 1177 (7th Cir. 1984)).

In deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Wal-Mart Stores*, 564 U.S. at 350; *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require

4

some overlap with the merits of the Plaintiff's underlying claim. *Wal-Mart Stores*, 564 U.S. at 351.

## ANALYSIS

The Plaintiff seeks to certify a class of individuals defined as:

> All individuals held at the Allen County Jail on November 8, 2016, who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to vote while held in the Allen County Jail.

(Pl. Second Mot. for Class Certification at 2.) To certify the class, the Plaintiff must first satisfy the four familiar Rule 23(a) requirements: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 24(a)(1)–(4). The Defendant, as with his previous opposition to class certification, asserts that the Plaintiff cannot meet the adequacy and typicality requirements of Rule 23(a), but does not challenge the commonality or numerosity requirements. The Defendant's argument regarding both of these requirements is premised upon the same idea: the class, as defined, is over-inclusive because it "includes hundreds of individuals not entitled to relief" and therefore, is not identifiable. (Def. Resp. Br. at 5, ECF No. 38.) Because the class is over-inclusive, the Defendant argues that the Plaintiff necessarily cannot meet the typicality requirement because the individuals not entitled to relief cannot have claims or defenses typical of those of the individuals potentially entitled to relief. Similarly, the Defendant asserts that the Plaintiff cannot meet the adequacy requirement because the Plaintiff cannot fairly and adequately advance and protect the legal rights of individuals that are not entitled to relief.

Before evaluating the Rule 23 requirements, the Court must first determine whether the class is identifiable. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). A class is

5

identifiable if class membership can be readily determined by reference to objective criteria. *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 496 (7th Cir. 2012).

The Plaintiff argues that the Court can ascertain whether an individual was held in the Allen County Jail on November 8, 2016; whether that individual was an eligible, registered voter for the 2016 general election; and whether that individual received an absentee ballot or was transported to a polling station in order to vote in the election. Therefore, the Plaintiff asserts that the class is readily identifiable, and the Court agrees.

The Defendant responds that the proposed class is over-inclusive because it includes individuals that were incarcerated prior to the deadline for applying for an absentee ballot, October 31, 2016, in accordance with their rights under the Allen County Jail's policy and Indiana law. Thus, the Defendant asserts that individuals who were incarcerated prior to October 31, 2016, are not proper members of any proposed class. Because those individuals had the opportunity to request an absentee ballot, and because there is no record of them doing so, their actions are not fairly attributable to the Defendant's conduct. (*Id.* at 7 (citing *Swann v. Sec'y, Ga.*, 668 F.3d 1285, 1288–89 (11th Cir. 2012).) The Defendant cites to *Long v. Pierce*, in which the court stated that the plaintiff "point[ed] to no United States Supreme Court, Seventh Circuit, or other circuit court cases that have held that it is unconstitutional to fail to provide a means for detainees to vote in an election other than an absentee ballot, which the detainee may acquire for himself." No. 2:14-cv-224, 2016 WL 912685, at *5 (S.D. Ind. Mar. 10, 2016). However, *Long* is a qualified immunity case in which the question before the court was whether such a failure was "apparent" based on prior authority so that the defendant should have known his actions were unconstitutional. *Id.* The court found only that "there was not a clearly established right," not that such a right did not exist. *Id.* Qualified immunity is not at issue here, so *Long* is not relevant.

Rather, the Defendant's argument goes to the merits of the Plaintiff's action. The Plaintiff cites the Allen County Jail Policy and Procedures, which explicitly provide that inmates have a right to vote via absentee ballot—a right that was provided for by the Indiana Administrative Code (IAC). The Plaintiff also cites the IAC for the proposition that the Defendant was required to "make arrangements with elections official to facilitate [the inmates'] right to vote by absentee ballot." The Court notes that the provisions regarding inmates' ability to vote are found only in older versions of the IAC. *See, e.g.*, 210 Ind. Admin. Code § 3-1-15 (2011). However, the IAC provisions in effect in 2016—and currently in effect—contain no such provisions. *See* 210 Ind. Admin. Code § 3-1-15 (2016). Yet, the Defendant does not dispute that inmates who are otherwise eligible to vote do, in fact, have a right to vote. Whether the Defendant had an affirmative duty to facilitate eligible inmates' ability to vote is a question that goes to the merits of the case, not to whether class members are identifiable. Therefore, the Court finds that the Plaintiff has proposed an identifiable class.

**A.    Rule 23(a) Requirements**

The Court now turns to whether the Plaintiff has adequately addressed the deficiencies identified in the Court's previous Order and Opinion. Rule 23(a)(1) requires a class to be "so numerous that joinder of all members is impracticable." As with the other Rule 23 requirements, a plaintiff has the burden of proving that the class is so numerous that joinder is impracticable. *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976). While an exact number is not required, a class with more than forty members will generally satisfy the numerosity requirement. *Pruitt v. City of Chi.*, 472 F.3d 925, 926–27 (7th Cir. 2006). Further, a conclusory allegation that a class is

so numerous to make joinder impracticable does not satisfy Rule 23(a)(3). *Valentino*, 528 F.2d at 978.

The Plaintiff now asserts that the jail records and voter registration records demonstrate that over three hundred individuals are part of the proposed class. The Defendant challenges neither the Plaintiff's argument nor the newly proposed evidence, other than as discussed above. Given the size of the proposed class, the Court finds that the Plaintiff has met the numerosity requirement.

The Court also finds that the Plaintiff has met the remaining Rule 23(a) requirements. As to commonality, there is "[a] common nucleus of operative fact" because the Defendant is accused of "engag[ing] in standardized conduct towards member of the proposed class." *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Specifically, the Plaintiff alleges that the Defendant unlawfully disenfranchised individuals held in the Allen County Jail by denying them the fundamental right to vote in the 2016 general election. According to the Plaintiff, "[t]he acts and omissions of Defendant, as operator of the Allen County Jail, give rise to common questions of law and fact including whether Defendant may bar inmates' access to the ballot, particularly when he has assumed an affirmative obligation to facilitate their ability to vote." (Pl. Br. in Supp. of Mot. to Certify Class at 10.) This is sufficient to satisfy the commonality element.

The typically requirement requires the Plaintiff to show that the class representative's claim is typical of the class as a whole. Fed. R. Civ. P. 23(a)(3). In the Seventh Circuit, a typical claim is one that "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quotation omitted). Here, the alleged injury by the Plaintiff "is the same harm and based on the same wrongful course of conduct

experienced by each class member and the rights Plaintiff is asserting against the wrongs are based on the same voting rights legal theories as would also be advanced by putative class members." (Pl. Br. in Supp. of Mot. to Certify Class at 11.) As such, the Court finds that the Plaintiff has satisfied the typicality requirement of Rule 23(a).

Finally, under Rule 23, a class representative must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy Rule 23(a)(4), a plaintiff must demonstrate that (1) the representative does not have conflicting or antagonistic interests compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously." *Rogers v. Khatra Petro, Inc.*, No. 2:08-CV-294, 2010 WL 3894100, at *2 (N.D. Ind. Sept. 29, 2010) (internal quotations omitted).

The Plaintiff argues that he can sufficiently represent the class because he has a personal stake in the litigation, with the same interest and the same injury as the other class members, and he is represented by competent and experienced counsel. The Defendant's only argument that the Plaintiff cannot adequately represent the class is that the proposed class includes members that, according to the Defendant, do not have a cognizable claim and therefore cannot be adequately represented. The Court has already addressed the argument regarding the breadth of the proposed class and the identifiability of its members, and the Defendant's reiteration of this argument here is unavailing. The Court finds that the Plaintiff and the proposed class counsel, Christopher C. Myers & Associates, are able to adequately represent the members of the proposed class. Therefore, the Plaintiff has met his burden under Rule 23(a).

**B.     Rule 23(b) Requirements**

In addition to meeting the class certification requirements under Rule 23(a), the Plaintiff must also satisfy the requirements of one of the subsections of Rule 23(b). In this case, the Plaintiff seeks class certification under Rule 23(b)(3), which permits class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The United States Supreme Court has explained that the Rule 23(b)(3) inquiry "trains on the legal or factual questions that qualify each class member's case as a genuine controversy" with the purpose being to determine whether a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). A court examining a class proposed under Rule 23(b)(3) "should evaluate the evidence pragmatically" in deciding if resolution for the class "would substantially advance the case." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 761 (7th Cir. 2014). Further, a court must consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. Pro. 23(b)(3). A class action is superior to all other methods where "it will efficiently resolve a potentially large number of claims that share a similar set of legal and factual issues" and where "the courts could potentially be inundated with many individual cases that seek to litigate an essential core of the same legal and factual issues." *Selburg v. Virtuoso Sourcing Grp., LLC*, No. 1:11-cv-1458, 2012 WL 4514152, at *10 (S.D. Ind. Sept. 29, 2012).

The superiority requirement of Rule 23(b)(3), along with predominance, is intended "to cover cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods.*, 521 U.S. at 615 (internal quotation marks and alterations omitted).

The Defendant offers no argument regarding Rule 23(b) requirements, and the Court agrees with the Plaintiff that Rule 23(b)(3) is satisfied here. The case involves common sets of facts and legal questions regarding voter disenfranchisement allegedly suffered by the putative class members. These common sets of facts and legal questions will predominate over any questions affecting some, but not all, members of the class. A class action is also a superior method for prosecuting this claim given the potential difficulty many indigent individual class members may have navigating complex civil rights issues. There are no cases that have been brought to the Court's attention that concern this alleged issue, and there is no reason to believe that managing this case as a class action will present any unique difficulties. Therefore, the Court finds that a class action is a superior form for litigating this case.

For the foregoing reasons, the Court certifies the following class:

> All individuals held at the Allen County Jail on November 8, 2016, who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to vote while held in the Allen County Jail.

## CONCLUSION

The Plaintiff has satisfied the requisite elements of Rule 23(a)(1)–(4), Rule 23(b)(3), and Rule 23(g). Accordingly, the Court GRANTS, the Plaintiff's Second Motion to Certify Class [ECF No. 36].

The Court appoints Christopher C. Myers & Associates as Class Counsel.

SO ORDERED on May 17, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT