UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IAN BARNHART, individually and on behalf of all others similarly situated, <br><br> PLAINTIFF, <br><br> VS. <br><br> DAVID GLADIEUX, in his official capacity, <br><br> DEFENDANT. | Case Number: 1:17-cv-00124-TLS-SLC |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Defendant, Allen County Sheriff David Gladieux, by counsel, and hereby provides his Memorandum of Law in Support of Motion for Partial Summary Judgment.

### I. INTRODUCTION

The instant action was brought by the Plaintiff in order to remedy the alleged disenfranchisement of eligible voters held in the Allen County Jail during the 2016 general election. (*See* Doc. # 26-1, ¶ 1). The Court certified the following class by its Order of May 17, 2018:

> All individuals held at the Allen County Jail on November 8, 2016, who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote or had been denied the opportunity to vote while held in the Allen County Jail.

*See* Doc. # 41, p. 11.

1029/741/00797405-3JSF

Class Representative Ian Barnhart ("Barnhart") was held as a pretrial detainee from November 4, 2016, through November 26, 2016, and was eligible to vote. (Doc. # 26-1, ¶ 5). In his Complaint, Barnhart contends that he was denied the right to vote via absentee ballot (as is expressly permitted under the Allen County Jail Inmate Rules, *see* Doc. #26-1, ¶ 33; Doc. 36-1) and was not transported to vote in-person at a local polling location.

Sheriff Gladieux moves for partial summary judgment on the claims of those Class members incarcerated on or before October 31, 2016. In order to succeed on an official capacity claim, the sole claim pending against Sheriff Gladieux, the Class members must demonstrate that an official policy/practice caused a constitutional deprivation or that a constitutional injury was caused by a person with final policymaking authority. It is undisputed that those individuals incarcerated in the Allen County Jail on or before October 31, 2016 were freely able to vote by absentee ballot under both express Allen County Jail policy and Indiana law. Thus, any alleged constitutional injury by those individuals who failed to vote via absentee ballot was not caused by any policy or practice of the Allen County Sheriff's Department. Sheriff Gladieux is entitled to summary judgment as a matter of law on the claims of Class members incarcerated in the Allen County Jail on or before October 31, 2016.

Sheriff Gladieux does not move for summary judgment against plaintiffs Brian Banks, Ian Barnhart, Julian Barrack, Sirthomas Billingsley, Dustin Bly, Andre Boatman, Alexandra Brown, Terence Brownlee, Zachary Burcham, Curtiss Caldwell, Dennis Clemens, Damalik Davis, Dustin Deremer, Taylor Dixon, Frank Drake, Samuel Ellington, Barbara Evans, Shana Foote, Terrell Forrest, Kenneth Ganaway, Demetrius Holliday, Thomas Holman, Jaylin Horton, Stacy Jennings, Quandale Johnson, Simon Jones, Michael Keith, Freddie Kelsaw, Alicia King, Robert Kuykendoll, Corey Lechleidner, Mandy Main, Michael Martin, Raymon Mathis, Anna Mincoff, Tyler

Montpas, Jeremy Phovemire, Kimberly Ramay, Shawn Restrepo, Steven Salter, Daniel Santana, Steven Schmidt, Anthony Sewell, Shane Smith, Trinity Stewart, Gregory Stokes, Lydell Trainor, Leroy Trice, Jarell Vaughn, Quinton Walker, Derrick Walters, Zermonie Williams, Russel Woodward, Tania Wright, and Courtney Wyrick. As discussed below, those individuals were booked into the Allen County Jail after the October 31, 2016 deadline to request an absentee ballot. The Defendant maintains that issues of fact preclude an entry of summary judgment against those individual plaintiffs. The Defendant seeks summary judgment against the remaining class members.

## II.  STATEMENT OF MATERIAL FACTS

The Allen County Board of Voter Registration handles voter registration applications, maintains a countywide voter registration database, provides information to the public regarding voting procedures and generally assists with voting procedures in compliance with state and federal laws. (Affidavit of Allen County Board of Voter Registration, designated as **Exhibit A**, ¶ 2). The Board of Voter Registration maintains voter records for each individual registered to vote in Allen County and the records are publicly available for review through their office. (**Exhibit A**, ¶ 3).

Under Indiana law, in order to vote in the 2016 general election, held on November 8, 2016, an eligible individual was required to register by Tuesday, October 11, 2016. (**Exhibit A**, ¶ 7). By law, the deadline to request an absentee ballot by mail was 11:59 p.m. on October 31, 2016. (**Exhibit A**, ¶ 8).

The Allen County Jail Rules expressly provide that "[a]n inmate shall be entitled to vote by absentee ballot upon meeting voter's registration requirements under the Law of the State of Indiana, as long as the inmate is not serving a sentence upon conviction of a felony." (Affidavit of John Zagelmeier, designated as **Exhibit B**, ¶ 8; Allen County Jail Inmate Rule, designated as

**Exhibit B-2**). To the Defendant's knowledge, no inmate was provided with an absentee ballot in the general election held on November 8, 2016, as the Defendant has no record of any inmate detained in the Allen County Jail timely requesting an absentee ballot for the 2016 general election. (Defendant's Response to Request for Admissions, designated as **Exhibit C**, pp. 1-2, 4). Similarly, the Allen County Election Board has no record of any inmate requesting an absentee ballot for the 2016 general election. (*See* Doc. # 36-5, previously designated by the Plaintiff). Had an appropriate request been made, the Defendant would have provided the appropriate absentee ballot and corresponding information to a requesting inmate. (**Exhibit C**, pp. 1-2, 4).

Of those inmates detained in the Allen County Jail on November 8, 2016, over 300 inmates were registered to vote. (**Exhibit B**, ¶ 9, Allen County Voter Registration Board spreadsheet, previously designated by Plaintiff as Doc. # 36-6). Of the total number of inmates registered to vote, only those individuals booked into the jail after October 31, 2016, the state-imposed deadline to request an absentee ballot, could not vote by absentee ballot as the deadline to request a ballot had expired. (**Exhibit A**, ¶ 9). A review of the booking dates of the entire population of the Allen County Jail on November 8, 2016, reveals that fifty-five (55) registered voters were booked into the jail after October 31, 2016, the deadline to request an absentee ballot. (**Exhibit B**, ¶ 10). Those individuals include:

> Brian Banks, Ian Barnhart, Julian Barrack, Sirthomas Billingsley, Dustin Bly, Andre Boatman, Alexandra Brown, Terence Brownlee, Zachary Burcham, Curtiss Caldwell, Dennis Clemens, Damalik Davis, Dustin Deremer, Taylor Dixon, Frank Drake, Samuel Ellington, Barbara Evans, Shana Foote, Terrell Forrest, Kenneth Ganaway, Demetrius Holliday, Thomas Holman, Jaylin Horton, Stacy Jennings, Quandale Johnson, Simon Jones, Michael Keith, Freddie Kelsaw, Alicia King, Robert Kuykendoll, Corey Lechleidner, Mandy Main, Michael Martin, Raymon Mathis, Anna Mincoff, Tyler Montpas, Jeremy Phovemire, Kimberly Ramay, Shawn Restrepo, Steven Salter, Daniel Santana, Steven Schmidt, Anthony Sewell,

>Shane Smith, Trinity Stewart, Gregory Stokes, Lydell Trainor, Leroy Trice, Jarell Vaughn, Quinton Walker, Derrick Walters, Zermonie Williams, Russel Woodward, Tania Wright, and Courtney Wyrick.

(*See* **Exhibit B-1**; **Exhibit B-3**).

Neither the Allen County Election Board nor the Allen County Sheriff's Department received any request from any inmate for an absentee ballot during the 2016 general election. (**Exhibit C**, p. 3; Doc. # 36-5, previously designated by the Plaintiff).

### III.  LEGAL ARGUMENT

#### A.  Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, that the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. P. 56(c)(1)(A).  A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(B).  Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated.  Fed. R. Civ. P. 56(c)(4).  Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment.  Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the

suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

    **B.**    **Any Alleged Deprivation Was Not Caused By An Express Policy**

Barnhart contends that Sheriff Gladieux, in his official capacity, is liable for having an unconstitutional policy of denying inmates incarcerated in the Allen County Jail on November 8, 2016 the right to vote in the 2016 general election. Suits against county officials in their official capacities are treated as suits against the county itself. *Weeks v. Hodges*, 871 F. Supp. 2d 811, 824–25 (N.D. Ind. 2012).

A plaintiff can establish municipal liability under Section 1983 by producing evidence of:

> "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*Weeks v. Hodges*, 871 F. Supp. 2d 811, 825 (N.D. Ind. 2012). "Further, the plaintiff must show that the official policy or custom was the cause of the alleged constitutional violation—the 'moving force' behind it." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008).

The express policy theory applies when a plaintiff can point to an explicit policy or an omission in a policy that violates a constitutional right. *Weeks*, 871 F.Supp.2d at 825. The Allen County Sheriff's Department does have a written policy addressing voting rights of inmates, thus, the express policy theory applies to those individuals who were eligible to vote via absentee ballot. As expressly provided in the Allen County Jail's inmate rules, inmates "shall be entitled to vote

by absentee ballot upon meeting voter's registration requirements under the Law of the State of Indiana, as long as the inmate is not serving a sentence upon conviction of a felony." (**Exhibit B-2**). Based upon a plain reading of the Allen County Jail's policy, all inmates who otherwise satisfy voter registration requirements are entitled to vote via absentee ballot.

As discussed above, under Indiana law, in order to vote in the 2016 general election, held on November 8, 2016, an eligible individual was required to register by Tuesday, October 11, 2016. (**Exhibit A**, ¶ 7). By law, the deadline to request an absentee ballot by mail was 11:59 p.m. on October 31, 2016. (**Exhibit A**, ¶ 8). Indiana law provides that a voter who wants to vote by absentee ballot must apply to the county election board for an official absentee ballot and must sign the absentee ballot application, unless the voter is disabled. *See* Ind. Code § 3-11-4-2. Thus, it is incumbent upon the voter to take action to request an absentee ballot.

Those individuals incarcerated in the Allen County Jail prior to the state-imposed deadline could have requested an absentee ballot but, for whatever reason, failed to do so. As the United States District Court for the Southern District of Indiana recognized, inmates are free to obtain absentee ballots to vote in elections and their failure to do so does not give rise to a claim against the Sheriff delegated with the task of housing them. *See Long v. Pierce*, No. 2:14-CV-00244, 2016 WL 912685, at *5 (S.D. Ind. Mar. 10, 2016). Sheriff Gladieux's policy concerning absentee voting did not cause any individual incarcerated on or before October 31, 2016 to be denied the right to vote.

In this case it is undisputed that those individuals who were incarcerated in the Allen County Jail on or before October 31, 2016 were permitted to vote via absentee ballot in the 2016 general election. Their failure to do so was not caused by any express policy of the Allen County Sheriff's Department, but rather their own failure to request an absentee ballot. Thus, any alleged

harm suffered by the class members incarcerated on or before October 31, 2016, was not caused by any express policy. Sheriff Gladieux is entitled to summary judgment against those individual class members who were incarcerated on or before October 31, 2016.

### C. There Is No Evidence Of a Widespread Practice of Constitutional Violations

The Plaintiffs may also attempt to establish official capacity liability under Section 1983 by producing evidence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. *See Weeks v. Hodges*, 871 F.Supp.2d at 825.

As discussed above, the Allen County Sheriff's Department has an express policy permitting inmates to vote via absentee ballot. Sheriff Gladieux is entitled to summary judgment on the claims of those inmates who were incarcerated in the Allen County Jail on or before October 31, 2016 as there is no evidence of a widespread practice of preventing them from voting via absentee ballot.

In the course of discovery, the Defendant admitted that no inmates had been provided with absentee ballots for the 2016 general election, but expressly provided that no inmate had requested an absentee ballot prior to the state-imposed deadline to do so. *See* **Exhibit C**. "Had an appropriate request been made, the Defendant would have provided the appropriate absentee ballot and corresponding information to a requesting inmate." *See* **Exhibit C**, pp. 1-2. Similarly, the Allen County Election Board has no record of any inmate requesting an absentee ballot for the 2016 general election. (*See* Doc. # 36-5, previously designated by the Plaintiff). There is no evidence regarding any widespread practice of denying any inmate the right to vote via absentee ballot. There is no evidence of a widespread practice of preventing inmates from voting by absentee ballot, a right expressly provided to them in published jail rules. Sheriff Gladieux is

entitled to summary judgment against those individuals incarcerated on or before October 31, 2016.

### D. There Is No Evidence Of a Deliberate Act By Sheriff Gladieux

A plaintiff may also survive summary judgment on a Section 1983 official capacity claim by presenting evidence demonstrating a deliberate act of a county decisionmaker. *Grieveson*, 538 F.3d at 771.

> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.… The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.

*Eversole v. Steele*, 59 F.3d 710, 715 (7th Cir. 1995). Barnhart must demonstrate that (1) Sheriff Gladieux was an official with municipal policymaking authority, and (2) a genuine issue of material fact exists concerning whether Sheriff Gladieux's conduct was the cause of Barnhart, and the class's alleged deprivation. *See Luck v. Rovenstine*, 168 F.3d 323, 326 (7th Cir. 1999).

The Defendant concedes that he, as Sheriff, acts as the final policymaker for law enforcement in his particular jurisdiction. *See Eversole*, 59 F.3d at 716. However, there is no evidence that Sheriff Gladieux caused the alleged violation of the class's constitutional rights.

In order to establish municipal liability, Sheriff Gladieux must have actually taken part in the constitutional wrongdoing, and not merely failed to have corrected it. *See Fiorenzo v. Nolan*, 965 F.2d 348, 351 (7th Cir. 1992) (no liability; sheriff was out of town when unconstitutional action was ordered and only found out about it afterward); *Cygnar v. City of Chi.*, 865 F.2d 827, 847 (7th Cir. 1989); *see also Woods v. City of Mich. City*, 940 F.2d 275, 278 (7th Cir. 1991) (" '[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow

a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." ' (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (citing *Oklahoma City v. Tuttle*, 475 U.S. 808, 823 (1985))); *Miller v. Whipker*, No. IP 02-924-C-JDT/TAB, 2004 WL 1622212, at *25 (S.D. Ind. Mar. 31, 2004).

Here, there is no evidence that Sheriff Gladieux, as the individual with final policymaking authority, caused the deprivation through policymaking conduct. *See Hill v. Schaffer*, No. 06 C 50168, 2010 WL 5423748, at *1 (N.D. Ill. Dec. 27, 2010). There is no evidence that Sheriff Gladieux approved, acquiesced, or encouraged the denial of inmate voting by absentee ballot. *See Grieveson*, 538 F.3d at 775. Barnhart cannot prove official capacity liability through the deliberate act method.

## IV.  CONCLUSION

Sheriff Gladieux is entitled to summary judgment as a matter of law on the claims of all class members who were incarcerated in the Allen County Jail on or before October 31, 2016, as those individuals were entitled to vote via absentee ballot. There is no evidence that Sheriff's Gladieux's policy was the cause of any deprivation for those inmates incarcerated on or before October 31, 2016, in the Allen County Jail. The Defendant respectfully requests that this Court grant summary judgment in his favor and against those class members who were incarcerated in the Allen County Jail on or before October 31, 2016.

          Respectfully submitted,

          **HALLER & COLVIN, P.C.**
          **ATTORNEYS FOR DEFENDANT**
          **ALLEN COUNTY SHERIFF**
          **DAVID GLADIEUX**
          **444 EAST MAIN STREET**
          **FORT WAYNE, INDIANA 46802**
          **TELEPHONE: (260) 426-0444**
          **FAX: (260) 422-0274**
          **EMAIL:** jsf@hallercolvin.com


          **BY:** /s/ J. Spencer Feighner
              J. SPENCER FEIGHNER
              I.D. #27099-02


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of July, 2018, a copy of the above and foregoing Defendant's Memorandum of Law in Support of Motion for Partial Summary Judgment was served via the Court's CM/ECF system, to:

    David W. Frank, Esq.
    CHRISTOPHER C. MYERS & ASSOCIATES
    809 South Calhoun Street, Suite 400
    Fort Wayne, Indiana 46802
    Email:  dfrank@myers-law.com


          /s/ J. Spencer Feighner
          J. SPENCER FEIGHNER