UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IAN BARNHART, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GLADIEUX, in his official capacity,<br><br>Defendant. | CAUSE NO. 1:17-CV-124 DRL-SLC |

MEMORANDUM OF STATUS CONFERENCE and
ORDER CONCERNING PRETRIAL CONFERENCE AND TRIAL

The court held a status conference on September 16, 2019 for the purpose of establishing final pretrial and trial dates. Christopher Myers appeared for the plaintiff(s), and Spencer Feighner appeared for the defendant. The parties are expected to comply in good faith with the entirety of this order.

Mr. Feighner was directed to prepare and file the proposed joint final pretrial order by May 5, 2020 with the exchange of contentions, witnesses, and exhibit lists to be made consistent with Fed. R. Civ. P. 26(a)(3), albeit pursuant to this order's timing rather than the timing of Fed. R. Civ. P. 26(a)(3)(B). The court set a final pretrial conference for May 19, 2020 at 1:15 p.m. and a 5-day jury trial to commence at 9:30 a.m. on June 8, 2020 in the third-floor courtroom in South Bend, Indiana.

In addition, the court ordered Mr. Myers to file a revised draft Fed. R. Civ. P. 23 notice (DE 61) by September 18, 2019 and also to submit a Word copy to chambers at leichty_chambers@innd.uscourts.gov. The revised draft Rule 23 notice should reflect the changes discussed during the status conference. After receiving it, the court will approve the Rule 23 notice on or before September 20, 2019. The notice is to be distributed to class members by October 4, 2019 via First Class mail and publication in local newspapers. Class members must opt out by January 3, 2020, if they wish to not be bound by the judgment of this case and in accordance with the notice.

**FINAL PRETRIAL CONFERENCE and TRIAL**

Consistent with Fed. R. Civ. P. 1 and 16, the court intends its following deadlines to establish an ordered exchange of information and facilitate a productive and efficient pretrial conference and trial. Because variance may hamper that effort, these deadlines will not be extended without good cause. In addition, the final pretrial order, once entered after the conference, will not be modified except to prevent manifest injustice.

The court views the final pretrial conference as the first day of trial. At the pretrial conference, the court may discuss the following: (1) specific substance of witness testimony; (2) potential stipulations of fact; (3) issues to be tried and any issues that can be removed from the case; (4) elimination of unnecessary or cumulative witnesses and exhibits; (5) amount of time required for voir dire; (6) precise length of trial; (7) jury selection procedures; (8) rulings (if feasible) on motions *in limine* and objections to exhibits; and (9) all other matters to secure a just, speedy, and inexpensive trial or resolution of this action.

Jury questionnaires will be available for review by counsel at the clerk's office on the Friday before trial after 2:00 p.m. Copies of the jury questionnaires will also be available to counsel during jury selection on the first day of trial. The jury questionnaires will be retrieved from counsel by the courtroom case manager after jury selection has been completed.

**A.      Summary of Deadlines**

      1.   *At least 28 days before the final pretrial conference*, the parties must exchange among counsel only (*i.e.*, not file with the court):

      (a) witness lists [*infra* ¶ B] and any proposed deposition excerpts [*infra* ¶ G];

      (b) exhibit lists and exhibits (excluding demonstrative exhibits) [*infra* ¶ C(1)]; and,

      (c) contentions of the parties.

2.  *At least 21 days before the final pretrial conference*, the parties must exchange among counsel only (*i.e.*, not file with the court):

    (a) objections to witnesses [*infra* ¶ B], including any objections to portions of depositions or under Fed. R. Civ. P. 32(a) to use of such testimony [*infra* ¶ G];

    (b) objections to exhibits (excluding demonstrative exhibits) [*infra* ¶ C(2)]; and,

    (c) proposed joint jury instructions [*infra* ¶ E].

3.  *At least 14 days before the final pretrial conference*, the parties must serve and file the following materials:

    (a) evidentiary objections or motions to exclude another party's expert witness, unless required to be filed sooner by prior order in the case [*infra* ¶ B(2)];

    (b) plaintiff's trial brief [*infra* ¶ D];

    (c) proposed jury instructions, verdict forms, and voir dire questions, together with submission via email to chambers [*infra* ¶ E]; and,

    (d) proposed final pretrial order, unless ordered above at another time.

4.  *At least 7 days before the final pretrial conference*, the parties must serve and file the following materials:

    (a) opposing parties' trial briefs [*infra* ¶ D];

    (b) objections to proposed jury instructions, verdict forms, and voir dire questions [*infra* ¶ E(4)]; and,

    (c) motion *in limine* [*infra* ¶ F(1)].

5.  *At least 3 days before the final pretrial conference*, the parties must serve and file the following materials:

    (a) any supplemental trial brief [*infra* ¶ D(2)]; and,

    (b) response to motion *in limine* [*infra* ¶ F(2)].

6.  *On or before 5:00 p.m. ET the Wednesday before trial*, the parties must provide to court chambers the following materials:

    (a) exhibit binders and flash drive of exhibits in separate PDFs [*infra* ¶ C(3)];

    (b) exhibit list for case manager [*infra* ¶ C(5)]; and,

    (c) any demonstrative exhibits [*infra* ¶ C(6)] (with any objections due the Thursday before trial by noon ET).

B.   Witness Lists

1.   *Fact Witnesses.* The pretrial order must set forth the names, addresses, and occupations of all witnesses any party intends to call at trial. The parties must identify whether each witness is expected to be called as a witness during a party's case-in-chief, live or by deposition, and whether the witness is listed merely to provide notice that the person may be called as a rebuttal or impeachment witness. The parties must also include information required by Fed. R. Civ. P. 26(a)(3). No separate list need be filed for non-expert witnesses; the list must be included within the proposed final pretrial order. Parties who have not identified their witnesses, including with the ordered particularity, will be precluded from offering the same at trial, except for good cause.

2.   *Expert Witnesses.* The parties must have disclosed expert witnesses—those intended to offer opinion testimony under Fed. R. Evid. 702-704—in accordance with Fed. R. Civ. P. 26(a)(2) and the Fed. R. Civ. P. 16(b) scheduling order. Any objections to such an opinion witness, whether directed to the witness's qualifications, the foundation for the anticipated testimony, or otherwise, must be filed at least 14 days before the final pretrial conference, unless the court has entered a prior order requiring the earlier submission of objections or motions, including under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in which case that prior order will control. Failure to file such objections will be deemed a waiver of any objection to such opinion testimony outlined in the statement filed by the witness's proponent.

C.   Exhibits

1.   *Disclosure.* At least 28 days before the final pretrial conference, the parties must exchange lists of all exhibits (except demonstrative exhibits) that may be introduced in evidence at the trial, by appropriate description and Bates number; and, to the extent that the exhibits are not readily identifiable by Bates number and in the opposing party's possession already, the parties must assemble and produce each exhibit. Any exhibit not disclosed at that time cannot be used at trial for any purpose other than impeachment or refreshing recollection. Relief from this prohibition will be afforded only upon a showing that the need for the exhibit could not reasonably have been foreseen by the time fixed for its disclosure here; even then, disclosure of the exhibit to all other parties and the court is required as soon as the need for the exhibit is known. This requirement is in addition to the disclosure requirements of Fed. R. Civ. P. 26(a)(3).

2.   *Objections.* Written objections, due to be exchanged among counsel 21 days before the final pretrial conference, must be supported with appropriate memoranda citing points, rules, and other authorities specific to each exhibit to which an objection is made (no *en masse* objections). Consistent with Fed. R. Civ. P. 26(a)(3)(B), an objection not made and supported at this time is waived unless later made under Fed. R. Evid. 402 or 403 or unless excused for good cause.

3.   *Trial Binders & Flash Drives.* Copies of all exhibits must be electronically scanned and assembled hard-copy into binders. The exhibits must be marked by number and set apart by dividers within the binder and separately identified by number when saved in electronic format (PDF). Counsel must produce one set of binders *and* one flash drive

for the court, and one binder *and* flash drive for each opposing party (unless a joint list has been prepared). The exhibits must be identified by number (not letter). The parties may cooperate to create an appropriate numbering scheme—e.g., plaintiff taking numbers 1-100, and separate defense exhibits starting at 101-200—or preferably the parties will cooperate to create a joint exhibit list, appreciating that objections have been preserved, so that the court has but one set of exhibit binders. The parties ideally have created this numbering system at the beginning of the case so that exhibits in deposition correspond to exhibit designations at trial. The trial exhibit binders and flash drive must be provided to court chambers the Wednesday before the trial, by 5:00 ET.

4. *Presentation*. The court highly recommends use of its digital exhibit display system (ELMO) in questioning witnesses about exhibits. Counsel may alternatively produce an exhibit binder with the original exhibits for the witnesses.

5. *Exhibit List*. Each side must prepare a list of its exhibits and submit this list of exhibits to the courtroom case manager the Wednesday before trial. An additional binder of exhibits and flash drive need not be prepared for the courtroom case manager.

6. *Demonstrative Exhibits*. The court strongly encourages parties to prepare and exchange demonstrative and illustrative exhibits before the final pretrial conference, consistent with the schedule for other exhibits so there is enough time for the parties to formulate objections for the court to address these issues at the conference. However, appreciating that these exhibits often are not finalized until the eve of trial, the court orders these exhibits to be submitted in binders and electronically with the remainder of exhibits to court chambers the Wednesday before trial. Objections to demonstrative exhibits must be filed with the court the Thursday before trial by noon ET. Additional or modified demonstrative exhibits will not be allowed at trial absent good cause.

D. Trial Briefs

1. *Substance*. Trial briefs must be filed and served on all other parties. A trial brief must identify the issues to be tried; the elements of the claims; anticipated evidence or testimony in support of claims or defenses; questions of admissibility; any other legal issues reasonably anticipated to arise at trial; and any other information believed helpful to the court. Opening briefs must not exceed 35 pages unless approved by the court for good cause.

2. *Timing*. The plaintiff's trial brief must be filed at least 14 days before the final pretrial conference. Response briefs must be filed at least 7 days before the final pretrial conference. Any party that deems it necessary may file a supplemental brief not to exceed 10 pages at least 3 days before the final pretrial conference.

E. Jury Instructions, Verdict Forms, and Voir Dire

1. *Voir Dire*. The court will conduct the bulk of voir dire; but, in appropriate cases, and at the request of the parties, the court will permit a designated time for attorney-conducted voir dire. Proposed voir dire questions must be filed 14 days before the final pretrial conference and submitted via email to chambers.

5

2. *Jury Instructions.* Counsel must confer about jury instructions before the deadline for submission to the court; such discussion may allow all counsel to prepare fewer proposed instructions, saving attorney time, client expense, and court time. Counsel should create a list of joint jury instructions 21 days before the final pretrial conference. Counsel are urged to consult the Seventh Circuit's Pattern Civil Jury Instructions and other pattern state jury instructions, as applicable. The court's standard instructions on burden of proof, credibility of witnesses, deliberations, and other subjects are attached to this order; however, these same instructions should *not* be resubmitted to the court, even as joint instructions. Proposed jury instructions from the parties must be filed 14 days before the final pretrial conference, with the parties indicating which instructions are "joint" and which are not. Each proposed jury instruction must include its source or supporting authority, specifying any modification that might have been made to an otherwise pattern instruction.

3. *Verdict Form.* The parties are strongly encouraged to submit a joint verdict form.

4. *Objections.* Any written objections to jury instructions, verdict forms, or voir dire questions proposed by other parties must be filed at least 7 days before the final pretrial conference. To preserve any claim of error under Fed. R. Civ. P. 51, the court will, on the record, deem the parties' objections to the instructions renewed at the close of the evidence and again before the jury retires to deliberate its verdict.

5. *Supplemental Instructions.* Any party who finds it necessary to file additional requested instructions due to the development of unforeseeable or unanticipated issues, must inform the court and opposing counsel as soon as possible.

6. *Electronic Submission.* In addition to filing, proposed jury instructions, verdict forms, and voir dire must be submitted in Word format (not PDF) via email to chambers (leichty_chambers@innd.uscourts.gov).

F. Motion *in Limine*.

1. *Motion.* Any motion *in limine* must be filed at least 7 days before the final pretrial conference, together with appropriate memoranda citing points and authorities. You may raise as many issues in a motion *in limine* as the case makes appropriate, but you may only file one motion. Oral motions *in limine* will be allowed only for good cause shown. Motions should identify the evidence at issue with specificity.

2. *Response.* Any response to a motion *in limine* must be filed at least 3 days before the final pretrial conference. It must state, if applicable, that there is no objection to granting any part of a motion *in limine*.

G. Depositions.

1. *Designations & Objections.* Other than for impeachment, the parties must exchange deposition designations 28 days before the final pretrial conference to facilitate any objections to be made 21 days before the final pretrial conference (same time as objections to other witnesses and exhibits).

2. *Transcripts*. At the time of filing the proposed final pretrial order, any transcripts proposed to be presented at trial should be submitted to chambers along with any memoranda with points and authorities concerning their use or objections.

SO ORDERED.

September 17, 2019                                         *s/ Damon R. Leichty*
                                                                          Judge, United States District Court

Encl. (Final Civil Jury Instructions)

## FINAL CIVIL JURY INSTRUCTIONS

1.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Seventh Circuit Civil Jury Instruction 1.01 (2017).**

2.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Civil Jury Instruction 1.27 (2017).**

3.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Seventh Circuit Federal Civil Jury Instruction 1.04 (2017).**

4.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury may make reasonable inferences based on the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.11 (2017), modified.**

5.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence of the fact that it is raining could be testimony from a witness who says, "I was just outside, and I saw it raining." Circumstance evidence of the fact that it is raining could be observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Civil Jury Instruction 1.12 (2017), modified.**

6.

Certain things are not to be considered as evidence. I will list them for you.

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my ruling that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Civil Jury Instruction 1.06 (2017).**

7.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have;

the witness's intelligence; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.13 (2017).**

8.

Upon retiring to the jury room, select one of your number as your presiding juror. The presiding juror will preside over your deliberations and be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read].

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Seventh Circuit Civil Jury Instruction 1.32 (2017), modified.**

9.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Seventh Circuit Civil Jury Instruction 1.33 (2017).**

10.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Seventh Circuit Civil Jury Instruction 1.34 (2017).**

11.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media—such as the telephone, a cell phone, smart phone, iPhone, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, Google+, or Twitter—to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdicts. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or

inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. This would unfairly and adversely impact the judicial process.

**U.S. Judicial Conference Comm. on Court Admin. and Case Mgmt., Proposed Model Jury Instruction on Use of Electronic Technology to Conduct Research or Communicate about a Case (June 2012), modified.**