UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IAN BARNHART, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID GLADIEUX, in his official capacity,<br><br>Defendant. | CAUSE NO. 1:17-CV-124 DRL |

PRELIMINARY JURY INSTRUCTIONS

1.

Ladies and gentlemen: You are now the jury in this case. Over the next few minutes, I am going to describe your duties as jurors and give you some instructions to guide your participation in the trial.

As the judge in this case, one of my duties is to decide all questions of law and procedure. In these preliminary instructions, during the trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions I am giving you now. Those instructions will control your deliberations.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it you, apply it to the facts, and decide if Plaintiffs, Ian Barnhart and all others within the class he represents, have proven their case against Sheriff David Gladieux by a preponderance of the evidence. These are your duties, and yours alone.

You must perform these duties fairly and impartially.

You should not take anything I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**

2.

The trial will proceed in the following manner:

First, Plaintiffs' attorney, Christopher Myers, will make an opening statement. Next, Sheriff Gladieux's attorney, John Feighner or Spencer Feighner, will make an opening statement. An opening statement is not evidence. Rather, it is a summary of what each side's attorney expects the evidence will show.

After the opening statements, Plaintiffs will call witnesses and present evidence. Then, the defense will have an opportunity to call witnesses and present evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**

3.

Ian Barnhart is a class representative. Counting Ian Barnhart, there are 55 Plaintiffs. He and the individuals he represents as Plaintiffs are members of a class that is defined as follows:

> All individuals held at the Allen County Jail on November 8, 2016, who on that date were U.S. citizens, residents of Indiana, were at least eighteen years of age, were not serving a sentence for a conviction of a felony crime, had not previously voted in the 2016 general election, were provided neither an absentee ballot nor transportation to a voting center, and were registered to vote while held in the Allen County Jail.

**Order Granting Plaintiff's Second Motion to Certify Class (ECF 41 at 11); Order Granting Motion for Partial Summary Judgment (ECF 52 at 13); Plaintiffs' Proposed Jury Instruction No. 1 (ECF 95) (modified in light of stipulation on registration to vote).**

4.

Plaintiffs brought this action under a federal law, 42 U.S.C. § 1983, claiming that Sheriff David Gladieux unlawfully deprived them of the right to vote. To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

(1)  Plaintiffs were deprived of a right under the Constitution; and

(2)  The deprivation was caused by a person acting under color of law.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you must decide for Plaintiffs, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then you must decide for Sheriff Gladieux, and you will not consider the question of damages.

**42 U.S.C. § 1983; *First Midwest Bank Guardian of Est. of LaPorta v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021).**

5.

One of the things Plaintiffs must prove is that Sheriff Gladieux acted "under color of law."

A person who is employed by the government acts "under color of law" if he uses or misuses authority that he has because of his official position. A person may act under color of law even if he is violating a state law or policy.

**Seventh Circuit Civil Jury Instruction 7.03 (2017).**

6.

The right to vote is a fundamental right under the United States Constitution. The Constitution also provides state legislatures with authority to regulate the "Times, Places and Manner of holding Elections."

3

An individual's right to vote in any manner is not absolute. An individual must comply with state law concerning how a vote may be cast. There is no constitutional right to a particular manner of casting a vote.

**U.S. Const. art. I, § 4, cl. 1; *Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *McDonald v. Board of Election Comm'rs of Chi.*, 394 U.S. 802, 809-11 (1969); Defendant's Proposed Jury Instruction No. 2 (ECF 88) (modified).**

7.

You must decide whether these Plaintiffs retained the right to vote while in jail and whether Sheriff Gladieux then deprived these Plaintiffs of the right to vote. An inmate's rights may be restricted while he or she is incarcerated based on certain factors. Four factors are relevant in deciding whether a jail's policy or procedure affecting an inmate's right to vote violates the Constitution:

1. Whether the jail's policy or procedure has a valid and rational connection to a legitimate governmental interest;

2. Whether alternative means are open to inmates to exercise the right to vote;

3. What impact an accommodation of the right to vote would have on guards and inmates and jail resources; and

4. Whether there are ready alternatives to the jail's policy or procedure.

***Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979) ("simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations"); Defendant's Proposed Jury Instruction No. 1 (ECF 88) (modified).**

8.

For a jail's policy or procedure to have a valid and rational connection to a legitimate governmental interest, the connection cannot be arbitrary or irrational. Instead, the jail's policy or procedure must have at least some connection to a governmental goal, and that goal must be legitimate. A jail may have several legitimate goals, such as maintaining security and preserving internal order and discipline.

***Turner v. Safley***, 482 U.S. 78, 89-90 (1987); ***Bell v. Wolfish***, 441 U.S. 520, 546 (1979).

9.

The evidence will consist of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

**Seventh Circuit Civil Jury Instruction 1.04 (2017) (modified).**

10.

A stipulation is an agreement between both sides that certain facts are true. The parties have stipulated that certain facts are true:

1. All class members were incarcerated in the Allen County Jail on November 8, 2016.
2. All class members were registered to vote in the 2016 general election.

**Seventh Circuit Civil Jury Instruction 2.05 (2017) (modified).**

11.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Civil Jury Instruction 1.27 (2017).**

12.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Seventh Circuit Civil Jury Instruction 1.08 (2017).**

13.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury may make reasonable inferences based on the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.11 (2017) (modified).**

14.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence of the fact that it is raining could be testimony from a witness who says, "I was just outside, and I saw it raining." Circumstantial evidence of the fact that it is raining could be observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Civil Jury Instruction 1.12 (2017) (modified).**

15.

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

**Seventh Circuit Civil Jury Instruction 1.14 (2017) (modified).**

16.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; the witness's age; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.13 (2017) (modified).**

17.

It is proper for a lawyer to meet with any witness in preparation for trial.

**Seventh Circuit Civil Jury Instruction 1.16 (2017).**

18.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Seventh Circuit Civil Jury Instruction 1.17 (2017).**

19.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Seventh Circuit Civil Jury Instruction 1.18 (2017).**

20.

Certain things are not to be considered as evidence. I will list them for you:

First, if I tell you to disregard any testimony or exhibits or strike any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may see or hear outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen

or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Civil Jury Instruction 1.06 (2017).**

21.

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Seventh Circuit Civil Jury Instruction 1.07 (2017).**

22.

At times during the trial I may need to talk with the attorneys here at the bench out of your hearing, through a headset system, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

Of course, the court will do what it can to keep the number and length of these conferences to a minimum, but please remember the importance of the matter you are here to determine and be patient though the case might seem to move slowly at times.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**

23.

All jurors must follow certain rules of conduct, and you must follow them, too.

First, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.

**Seventh Circuit Civil Jury Instruction 2.01 (2017) (modified).**

Second, you must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

**Seventh Circuit Civil Jury Instruction 2.02 (2017) (modified).**

Third, if you need to communicate with me, you must give a signed note to the court security officer to give to me.

Fourth, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials. Do not make any investigation about the case on your own.

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then. The trial will now begin.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**